UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 135 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S COMBINED MOTION FOR DISCOVERY**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully replies to defendant JOHN BILLS' motion for discovery.

## I. Brady Material

Defendant has asked for a whole host of materials under the heading "Brady Material," including information: that is favorable to defendant; that relates or tends to relate to defendant's guilt or innocence or to questions of punishment; that may be used for impeachment of government witnesses; that "shocks the conscience"; that relates to reasonable doubt of guilt; that shows defendant was not involved in acts perpetrated by unindicted co-conspirators; that shows defendant was not present or involved in any alleged act; that shows defendant's lack of knowledge as to the nature of any transaction mentioned in the indictment; that shows or tends to show

defendant's lack of criminal intent; and that may be used for impeachment of government witnesses. Also under this heading, defendant requests disclosure of statements of any individuals that may be inconsistent with other statements made by that individual or statements by other individuals. And defendant demands exculpatory evidence in documents such as bids, forms, annual audits, agreements, contracts, and "checks for premiums." He also demands the names and addresses of any persons who were present during any of the acts alleged against the defendant or who heard or saw any of the alleged activities of defendant. He further demands a copy of the arrest records of the government's witnesses, and he demands to be informed of the existence and scope of any offers of immunity, plea bargains, promises of leniency, indications of leniency, or negotiations concerning pleas conducted by the government concerning matters contained in this indictment "or any other investigation whether concluded, pending or projected."

The government is fully aware of its constitutional obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), to tender exculpatory information to the defendants, has abided by this obligation and will continue to abide by this obligation. If any such evidence comes to the government's attention, it will be turned over on a going forward basis.

The government is also aware of and will comply with its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), to turn over information that impeaches its witnesses. With respect to the persons the government intends to call in its case-in-chief, most, if not all, such material that currently exists has already been turned over to defendant, even though the government has no obligation to provide any such information prior to trial. *United States v. Reyes,* 270 F.3d 1158, 1166-67 (7th Cir. 2001); *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Balogun*, 971 F. Supp. 1215, 1230-31 (N.D. Ill. 1997); *United States v. Riggs*, 739 F. Supp. 414, 425 (N.D. Ill. 1990); *United States v. Dell*, 736 F. Supp. 186, 192 (N.D. Ill. 1990); 18 U.S.C. § 3500. Any additional *Giglio* material will be provided to defendant at least two weeks prior to trial.

It should be noted that, in his filing to this Court, defendant has done nothing more than file a generic motion requesting the blanket disclosure of favorable evidence, along with a laundry list of items, some of which fall outside of *Brady* or *Giglio* requirements (e.g., names and addresses of persons who heard or saw any of the alleged activities of defendant). To the extent that defendant's demands require disclosure broader than that required under *Brady* and *Giglio*, they should be denied. "Brady does not require a prosecutor to divulge every scintilla of evidence that might conceivably inure

to a defendant's benefit. *Reyes*, 270 Fr.3d at 1166 (quoting *Lieberman v. Washington,* 128 F.3d 1085, 1092 (7th Cir. 1997). Furthermore, this form of motion practice is flatly inconsistent with well-settled law in the Seventh Circuit. In *United States v. Morris*, 957 F.2d 1391 (7th Cir. 1992), the Seventh Circuit rejected a defendant's challenge to a district court's denial of a motion for a blanket disclosure of "favorable evidence," observing that "a defendant is not entitled to discovery material under *Brady* 'without even a hint that impeaching material was contained therein' . . . or where the defendant 'has made no showing at all by affidavits or otherwise that any evidence was suppressed by the government.'" *Id.* at 1402-03 (*quoting United States v. Romo*, 914 F.2d 889, 898-99 (7th Cir. 1990) (citations omitted). Consistent with this approach, courts within this Circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient." *United States v. Butler*, No. 93-720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994) (collecting cases); *see also United States v. Macias*, No. 06-222, 2007 WL 1202414, at *8 (N.D. Ill. Apr. 19, 2007); *United States v. Hoover*, No. 95-508, 1997 WL 80947, at *1 (N.D. Ill. Feb. 20, 1997) ("As here, where the government has made repeated assurances it will comply with ... *Brady*, those assurances are sufficient[.]") (internal quotations and citations omitted); *United States v. Alex*, 791 F. Supp.

723, 729 (N.D. Ill. 1992); *United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990).

## II. Grand Jury

Defendant has requested grand jury information, including: the identity of witnesses appearing before the grand jury; whether the witnesses summarized testimony or events; copies of documents and exhibits presented to the grand jury; copies of statements of witnesses not presented to the grand jury; a list of grand jury subpoenas issued; whether witnesses testified to matters about which they had no personal knowledge; and whether the indictment in its final form was exhibited or read verbatim to each grand juror.

The government has already produced the grand jury statements of witnesses the government believes at this time will be called at trial in the government's case-in-chief. To the extent any such statements of government witnesses have not yet been produced, the government will produce them at least two weeks prior to trial, which more than complies with the Jenks Act, 18 U.S.C. § 3500. Defendant's remaining requests for grand jury material should be denied.

Matters occurring before a grand jury are subject to a general rule of secrecy, *see* Fed. R. Crim. P. 6(e)(2), which "must not be broken except where

there is a compelling necessity." *United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958). Anyone seeking disclosure must show a "particularized need" for the materials sought sufficient to overcome the interests in continued confidentiality, *id.* at 683, and this showing must establish that (1) the materials sought are needed to avoid a possible miscarriage of justice; (2) the need for disclosure is greater than the need for secrecy; and (3) the request is structured to cover only those materials that are absolutely necessary to avoid an injustice. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). The requirement of a showing of a particularized need applies to a criminal defendant seeking disclosure of matters occurring before the grand jury that investigated and indicted him just as much as it applies to anyone else. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

Noting that "[t]he defense has the burden of showing a particularized need for inspection," the Seventh Circuit long ago stated that "[t]he mere possibility that the indictment was not the work of the grand jury . . . or that the grand jury had no information upon which to base it is insufficient to show an abuse of discretion in denying the opportunity to inspect the minutes." *United States v. Bitter*, 374 F.2d 744, 748 (7th Cir.), *rev'd on other grounds*, 389 U.S. 15 (1967). Indeed, the court has gone even further and stated that where a defendant "suggests only the possibility that [evidence] was not

properly presented or considered" before the grand jury, the court is "inclined to believe it would have been an abuse of discretion . . . to have permitted disclosure under Rule 6(e) . . . ." *United States v. Sternback*, 402 F.2d 353, 357 (7th Cir. 1968). Thus, in *United States v. English*, 501 F.2d 1254, 1257 (7th Cir. 1974), where the defendants requested access to grand jury minutes so that they could determine whether the indictment was based on hearsay and whether the grand jury had probable cause to indict them, the Seventh Circuit upheld the trial court's denial of the request, stating that the defendants made no showing of a particularized need. Citing *Costello v. United States*, 350 U.S. 359, 361-64 (1956), the court stated that "a defendant is not entitled to litigate the sufficiency of evidence presented to the grand jury."

In *Costello*, the Supreme Court specifically declined to exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. The Court stated, "[i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of

preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Costello*, 350 U.S. at 363-64. Nearly forty years later, the Court reiterated its position that "'it would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" *United States v. Williams*, 504 U.S. 36, 54 (1992) (quoting *Costello*, 350 U.S. at 363-64).

Thus, "there is a presumption of regularity which attaches to [grand jury] proceedings and the defendants have a difficult burden to prove any irregularity." *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984)(citation omitted). Because of that presumption, the court in *Lisinski* found no abuse of discretion where the district court refused to disclose grand jury transcripts based on the defendant's "unsupported speculation that, possibly, insufficient evidence was presented to the grand jury to sustain the indictment." *Id.* at 894. Such speculation failed to demonstrate the "compelling necessity" necessary to require disclosure. *Id.*

Defendant has made absolutely no showing of any compelling necessity or particularized need to require disclosure of grand jury proceedings in this case, and his requests should be denied.

## III. Electronic Surveillance, Mail Cover, Scientific Experiments, Tests, Markings, and Tracings

Defendant has requested: recordings and transcripts thereof that contain any conversations of defendant or others; all information related to the indictment that was obtained through electronic, audio or visual surveillance conducted by any government agent or any other person who may have communicated with defendant or others, or conducted on or in any place which defendant or others had some proprietary interest therein, specifically the recorded conversations made by the confidential informant which were subsequently turned over to the prosecution. Defendant has further requested all memoranda, logs, reports, records, notes, written communications, etc., made by any government agent or employee concerning any statement or conversation listed above. He also requests any applications and/or orders pertaining to electronic surveillance. He also asks for results or reports of any scientific tests, examinations or experiments made in connection with this case. In addition, defendant has asked for photographs, diagrams, papers, documents, tangible objects or other material showing scenes, places or any area where it is claimed that defendant or confidential informant met in connection with any aspect of this indictment. He further asks for notes, memoranda or other writings made by law

enforcement during surveillance of defendant. He asks whether the government intends to call expert witnesses, and he asks for the identity of such witness and any report or notes of the expert witness.

With regard to expert witnesses, the government does not expect, at this time, that it will be calling any expert witnesses. If that should change, the government will notify defendant and the Court prior to trial.

As for scientific tests, examinations or experiments, none have been conducted as of this date.

As for recordings of defendant, the government has provided defendant with all recordings of defendant pursuant to its obligations under Fed. R. Crim. P. 16.

With regard to recordings made by the confidential informant and later turned over to the government, these have been produced to defendant in discovery.

With regard to applications or court orders pertaining to electronic surveillance, there are none.

As for notes and written communications of government agents, such notes or communications, to the extent they are discoverable in accordance with the Jencks Act, will be produced at least two weeks before trial should the government agents be called as witnesses.

Finally, with regard to diagrams, photographs, and other material showing scenes, places or any area where it is claimed that defendant or confidential informant met in connection with any aspect of this indictment, defendant has received in discovery photographs of the Arizona condominium that is at issue in the case. Other photographs pertaining to the allegations in this case were also provided in discovery. To the extent defendant is claiming that the government is to create and provide him with diagrams and other material showing areas where defendant operated during the period of the alleged criminal activity, there is no authority requiring the government to create any such items.

## IV. Publicity

Defendant has asked that the government provide him with copies of news release, transcripts of press conferences, and other information furnished the news media by the government with regard to defendant or any potential government witnesses. Defendant cites no authority, nor can he, for the proposition that such items are to be provided to defendants in discovery.

## V. Jencks Material

While there is no requirement under the Jencks Act that prior statements of witnesses be turned over prior to trial, the government has

already produced to defendant statements of witnesses who are expected to be called at trial. To the extent that any such material has not been produced, the government will produce it at least two weeks prior to trial.

**VI. Witness List**

Defendant asks the Court to order the government to provide a list of witnesses prior to trial. Although pretrial disclosure of witnesses is not required, once the government has determined what witnesses it will call in its case-in-chief, the government will provide defendant with a witness list. The government agrees that witness lists promote judicial economy and streamline trials, and so the government asks that the defendant also be required to provide a list of possible witnesses prior to trial.

**VII. 404(b) Evidence**

Defendant asks that the government identify "other crimes, wrongs or acts" that it intends to introduce pursuant to Fed. R. Evid. 404(b). He also asks that evidence of "specific instances of conduct" of defendant, as that phrase is used in Fed. R. Evid. 608(b), be disclosed.

The government intends to give notice regarding any evidence to be offered pursuant to Fed. R. Crim. P. 404(b) at least two weeks prior to trial. However, this Court should reject defendant's' efforts to require extensive disclosure of Rule 404(b) evidence. According to defendant, he is entitled to

information regarding the dates, times, places, and persons involved in each transaction, the statements of each person involved, the documents involved, and the issues to which the government believes such transactions to be relevant. Defendant's requests are contrary to the language of Rule 404(b), which merely requires notice of "the general nature of any such evidence," and should therefore be denied. *See e.g.*, *United States v. Stoekcer*, 920 F. Supp. 876, 882-83 (N.D. Ill. 1996); *United States v. Alex*, 791 F. Supp. 723, 728 (N.D. Ill. 1992). Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged, *see United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981), and, by analogy, greater disclosure should be unnecessary with respect to evidence of acts that do not form the basis of the charges against defendant. Moreover, use of the phrase "general nature of any such evidence" in Rule 404(b) was not accidental. The Senate Judiciary Committee, which formulated the 1991 amendments to Rule 404(b), "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument . . . . Instead, the Committee opted for a generalized notice provision . . . ." Note of Advisory Committee, reprinted in Federal Criminal Code and Rules. As a result, the defendant's requested "degree of specificity

is clearly beyond the scope of disclosure required by Rule 404(b)." *United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995).

As for defendant's request for notice from the government of "other acts" evidence it intends to use during cross-examination of defendant pursuant to Fed. R. Evid. 608(b), this request should be denied. Rule 608(b), unlike Rule 404(b), does not require pretrial disclosure of the government's intention to use such evidence at trial. As a result, courts in the Seventh Circuit have ruled that "Rule 608(b) evidence need not be disclosed in advance of trial." *See, e.g.*, *United States v. Stoecker*, 920 F. Supp. 876, 883 (N.D. Ill. 1996) (denying defendant's motion for disclosure of other acts evidence that government intended to use in cross-examination); *United States v. Hartmann*, 958 F .2d 774, 789 n. 5 (7th Cir. 1992) ("[Defendant] apparently forgets that defendants are not entitled access to Rule 608(b) materials which are not discoverable under Fed. R. Crim. P. 16."); *but see United States v. McGee*, 408 F.3d 966, 984 (7th Cir. 2005) (requiring disclosure of Rule 608(b) evidence where defendant files pretrial motion for disclosure and trial court granted the motion). Therefore, defendants' request for any other acts evidence the government expects to use during cross examination should be denied.

Respectfully submitted,
ZACHARY T. FARDON
United States Attorney

By:______________________________
Carrie Hamilton
Laurie Barsella
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4558